Robert McLean, Attorney for Mr. Robert McLean This is a petition from a final order issued by the Government Transportation Security Administration under 49 CFR section 1520. I received the court's notice that it intended to discuss the issue of my request for judicial notice in today's hearing and I will address that. First, I'd like to just give an overview of my three primary arguments on this petition. First, there's no substantial evidence because there's been no evidence provided. The agency simply supplied the order itself that is under review. There's been no affidavits, no testimony, nothing. There's no record other than the order itself. Second, the agency cannot meet its burden of substantial evidence because the order is illegal and contrary to law. And third, there's no substantial evidence because the information that is described in the order was not sensitive security information under the agency guidance and under the regulation itself. With respect to the request to take judicial notice, again, I reiterate that there was one document, a one-page document provided as the administrative record here for review. The order took place three years after the release of the information that was classified by the order as sensitive security information. The information that was released took place in July of 2003. The agency order came out in August of 2006, came out after my client, Mr. McLean, had been proposed for removal two years after the release. It came out after the decision to remove Mr. McLean and it came out after we had filed an appeal at the Merit Systems Protection Board. Importantly, at the Merit Systems Protection Board, the administrative law judge had indicated to the agency that the agency had the burden of proof by fair preponderance of the evidence to prove that Mr. McLean had released sensitive security information. Well, what's the usual procedure if the government decides something should be classified? They don't have a hearing or anything. There's somebody who's authorized to say this should be classified, right? Ordinarily, yes. But that didn't take place here. As I said, the order saying that this was SSI took place three years after the release. Well, I know that. But let's say it was something else, like it was a name of some sort of human intelligence spy or some person like that, and a person works for the CIA and discloses that name. Would he know right then that it was classified? Or do you wait two years? Or is somebody in the front office saying the release of this name is classified? Under the regulations, under the guidance, it's supposed to be marked. This is sensitive security information, which is a lesser standard than classified information. This isn't classified. This is the agency's own category of information, sensitive security information. Under the regulations, under the guidance, it's supposed to be marked as sensitive security information. This was not marked as sensitive security information. No, no. The guidelines say it should be marked. Yes. But your position is that unless it's marked as not sensitive, that goes against 49 U.S. That goes against 49 CFR 1520.7J. That tells you. Let's get to the realities here. Your man called a journalist and told him ahead of time that there would be no air marshals from July 29th to August 9th. There would be no air marshals on flights leaving from Las Vegas at all. There would not be any. That sounds to me like it fits directly within the classification of what is sensitive security information, which has to do with, quote, the deployment, unquote, of air marshals. And that's what happened. Now, tell me why the administrative agency abused its discretion in making the 2006 order that this was the release of sensitive security information. The one factual correction I'll make, Your Honor, it wasn't limited to Las Vegas. That information was... Worse? No. Broader. Broader. In the regulation... I mean, well, you're telling Mr. Osama bin Laden there will be no air marshals anywhere on any of our airplanes for the next 10 days. Yippee. One, that order that was issued, the text message that was issued, was made in error. It wasn't a valid order. It was an erroneous order. The Director Quinn said that was not supposed to have gone out, and there was never a decision to cancel coverage on those flights. So, as a matter of fact, when that happened, they had to go back and say, we are sending out marshals. So the information had to be deemed inoperative, right? Yeah, but I think the testimony was in deposition that there was never intended to be that order. The decision had never been made. So there was no need to correct it. So then not only did your man put out sensitive security information, he put out phony security information. Which he believed was a violation of law under ATSA, which is the... He can believe all he wants, but this wasn't a personnel decision. This is a whistleblower situation. So forget that. Now, you have here a situation where sensitive security information is made public through a journalist, right? And you're telling me that the TSA was violative of the law in so saying because it said so three years after the event? Three years after the fact, when the information was no longer sensitive security information, the purpose of the statute, the CFR, is to prevent disclosure. And so, prospectively, prevent disclosure. All the cases, there are very few cases, they talk about, we can't release this information because it will be detrimental. This was a decision that was looking back three years, and the purpose of it was to insulate their administrative action that they took against Mr. McClain. They did not want to be held to the standard of proof that they had to meet the... Does the purpose by which they acted make their action arbitrary or capricious? I believe it does. Why? What case says that? I believe it's black-letter law. If an action cannot fulfill the purpose of a statute, then... Well, the action fulfills the purpose of the statute saying we want to make it clear that letting out this information is a violation of SSI, because somebody who reads 1520.7J might mistake that as being allowed. Well, it isn't allowed. What's wrong with that? Because, again, the purpose of the statute, and it's in the agency's own brief, the purpose of the statute is looking forward. We don't want to release this information. Not we're going back and looking back in time, and going back three years... Of course, always looking back in time and looking forward in time, too. But the stated purpose of the statute is to prevent the release of that information. And had the agency taken this, made this order back in time, back at the time of the release of the information, it could have relied on this order and limited itself in the view of this Court to this Court. Instead, it didn't make this order. It looked back in time only after the administrative law judge said you have to prove that this is sensitive security information under the statute. And you have to prove that agency. That's your burden of proof by fair preponderance of the evidence. So what you're saying is that the release in 2006, or the order in 2006, finding that this was sensitive security information was beyond the statutory authority of TSA because they were only allowed to make that finding as to prospective actions, not as to retrospective actions. That's how I read the statute, the regulation, rather, and I think that's the stated purpose even agreed to by the agency. But your client would have known it was SSI information if it was a valid order, which they were just cutting out all hair marshals, right? He would have known he's not supposed to reveal that to the public, would he not? I think he believes he had an obligation, a moral and a legal obligation, to report it because the order violated a law that said we have to cover these flights. And here was an order. That's a whistleblower defense that he needs to take up before the mayor. No. I think he can take it up here, Your Honor, at least insofar as if you find that the purpose of this order is to insulate their administrative decision, and if the purpose of this order is to further their retaliation against him for disclosing substantial and specific dangers to the public or a violation of law, I think you have that right to declare that this order is illegal because it violates the Whistleblower Protection Act. So what if he's a whistleblower but erroneously thinks something should be released but it shouldn't be? Where do you determine that? Who determines that issue? Well, if it were classified information, which this is not, and he released classified information, he's out of luck. He's out of a job. But when it's sensitive security information governed by regulation, the Whistleblower Protection Act says he has the right to disclose that. And in his opinion and in my opinion, he had a moral, legal obligation to do it. So what's the effect of this sensitive security information? It just has no effect at all unless it's a prospective declaration. Yeah. I think this order should be canceled. It should be rendered invalid because of the three primary reasons. One, it's retroactive and doesn't fulfill the purpose. Two, there's no substantial evidence to support it. We don't have an affidavit. We don't have a statement. Nothing other than the order itself. So how can they meet their burden of proof in sustaining this order? So it's got to go. I think the order is invalid. Wait a minute. What substantial evidence do you need beyond the TSA saying we've read the regulations, we've read the text message that he put out. We think the text message violates the regulations. End of story. What do they have to have, 20 bishops come along and say we agree with you? No, I think they do need some affidavit, some analysis. Affidavit from whom? From the person. From Wombat, an expert witness? From the person who is making this determination. Why? He signed it. He said I've read the regulation, I've read the text message. End of story. But it's like a policeman. Do you have to have an affidavit when the policeman says I've read 25 miles an hour, I've got the gun on you at 35 miles an hour? You violated the law. If it contained that type of evidence and that type of information, I agree. There is perhaps You don't have to have any more information than the regulation 1520.7J and the text message. When you're evaluating an immigration case or another case, the judge at the lower level, the administrative law judge, has to have some evidence in the file. Not if there's no dispute as to the evidence. We dispute it tremendously. There's no dispute here that the text message said there will be no air marshals on any plane from July 29th until August 9th. There's no dispute about that, is there? Well, the precise phraseology, I think there is a dispute. But in general, you're right. I mean, that was it. So then what do you have to have? Do you have to have some How about looking at the definition? The definition says it has to be specific information. The director of the agency testified this was so broad. This information was so broad. So if it's broad, how can it be specific? Let's talk about specific. Is July 29th specific? Yes. August 9th is specific? Yes. Air marshals are specific? No, I wouldn't agree with that. No air marshals on any plane overnight is not specific? It's pretty good. It's pretty specific to me. It means they're not leaving town. I think it's broad, and I don't know that it provides any information, especially when it's vague in the context of what is a remain overnight mission. I mean, I could travel from Boston to Cape Cod, and there might not be a flight back to Cape Cod, so I have to remain overnight. Does that give the potential terrorists any additional information? Well, it sure gives them a hint that there might not be a marshal on this plane. And, again, I go back to that was an erroneous order, so I don't know how an erroneous order could ever be sensitive information. No, it was an erroneous order at the time he made it. No, he believes it was a bad order that was a mistake that was violating the law. So what is the significance of the fact that it was erroneous? I don't know how you could violate something that was never intended to be. I don't know how you could disclose something that's sensitive if it never was intended to be issued. If it's not, for instance, classified information, if what was disclosed was a mistake, that Peter Noone is a Russian spy, if that's not true, how could disclosing Peter Noone's a Russian spy be a violation of classified information? Wouldn't he have known that he shouldn't tell the press that, even if whether this order was put out or not, he shouldn't tell the press that in the next five planes leaving from Las Vegas that there will not be an air marshal? Again, it wasn't limited to Las Vegas. Well, the next planes for the next 24 hours in the whole country won't have an air marshal. He did it because he believed it was a violation of law, which specifically So how was he going to help anything by disclosing? That's what I'm listening to you arguing, but I don't know how he thought he was doing a public service. I gather that's what you're saying. Yes, he was doing a public service to reverse the decision. That was never intended to be made, but he believed it was. And his purpose in disclosing it, he made efforts to disclose it to his supervisor. They wouldn't do anything. He made efforts to go to the inspector general office. They wouldn't touch it. He then went to the press because he feared that people were going to die because there was no coverage and Al Qaeda was targeting these flights. Well, we know, at least I gather from reading the press, that every plane does not have an air marshal all the time. And so by earmarking which planes don't have air marshals, doesn't that give some sort of sensitive information out to the public that shouldn't be? I'm not sure that it earmarked to a terrorist because it was kind of general, but even if it did, again, he felt he had an obligation to do so, to release that information. Thank you. Thank you very much. Good morning, and may it please the Court. Eric Fleishig, Green, with the Department of Justice, representing the Department of Homeland Security. What about the point that Mr. Noon just made toward the end of his argument, that if TSA had never actually determined that there would not be air marshals taken off these flights, then McLean never revealed any sensitive security information. What he revealed was sensitive security misinformation. Well, Your Honor, the information here was released at a premature stage. There were, I think, even the record excerpts. Isn't that an issue of fact? Well, no, in the following sense, that there's no dispute the content of the information. There's no dispute that to the extent the information was released, it was detrimental to Homeland Security, to aviation security. Well, wait a minute. If misinformation is released that is detrimental to security, right, is that a violation of the Act? Yes, if it falls within the categories of classifications within the regulations. Misinformation? Any information concerning the deployment or missions of air marshals, whether ultimately that information is correct or incorrect, by virtue of the fact that when information needs to be protected for the very reasons that these regulations are set forth, namely, as the statute says, it's information whose release would be detrimental to the security of transportation. And as far as the substantial evidence is concerned here, as you were discussing earlier with opposing counsel, all that's necessary to make the determination whether this is sensitive security information here is to look at the text of the information, namely, that all remain overnight missions would be canceled for air marshals between the date of the message and August 9th, and to look at the regulation, which specifies that information concerning deployments or missions of air marshals falls within the definition. So your point is that even if he was wrong and there were going to be air marshals, putting out the word that there weren't going to be air marshals might be detrimental to security because it would incentivize Al-Qaeda to jump on those planes. Well, it could do that. I mean, I don't want to speculate precisely what the reasons are, but I think it's yes, that would be a possible reason. To go back to the notion of when this order was issued versus the timing of the actual disclosure, 1520.7 makes clear that at the moment sensitive security information is penned and from every moment thereon, the information is SSI unless there is a written order to the contrary from the undersecretary. The only purpose of these written orders subsequent to the original creation of the information is to permit judicial review under 46.110 as Congress has provided for. This sort of information we're talking about, to force the agency to create an order designating something as SSI every time something was produced that was sensitive security information would be to reveal the very information the agency is ordinarily attempting to protect from public disclosure. Take me through this. I'm trying to understand Mr. Boone's point and see if you can explain it to me. He says that if this is sensitive information at the time it's released, it can be illegal then or it cannot be illegal then. You can prosecute the man, you can fire him, et cetera. But what is the point of TSA making a ruling three years later that indeed it was sensitive security information, but to remove one element from his merit case? Well, with respect, it's an element that Congress has required to be litigated by law in the courts of appeals. The determination of whether something is SSI under 114S is a particular determination that Congress has said under 46.110 must be litigated by a petition for review in the courts of appeals. And all that TSA is doing here is providing a final order to facilitate that judicial review. And it's not just the merits review board can't determine that. Congress has said it's got to be done by the TSA with court of appeal review. Correct. And TSA issues these orders with some degree of regularity in other cases where parties wish to have access to information, but that TSA believes that information is sensitive security information. There was an appeal before the Second Circuit concerning this very issue, the cases of the Chowdhury case. It was briefed and then ultimately resolved as moot before the Second Circuit could issue a decision because of amendments to the statute. But it regularly in litigation, typically between private parties, one of whom wishes to access sensitive security information, will issue these sorts of orders, again, to facilitate the judicial review that Congress has provided for by statute. That's the only thing for us to review at this time? That's correct, Your Honor. And issues like whistleblower or notice or anything of that nature, does that come before the Merit Board? That's correct, Your Honor. There's the Merit Systems Protection Board has exclusive jurisdiction by statute under the CSRA over those sorts of claims, nor is this order a personnel action of the sort that would even be able to be adjudicated under the Whistleblower Protection Act in the first place. Certainly, Mr. McLean's determination was a personnel action, but the CSRA sets forth a very specific definition of what a personnel action is, and that's set forth at page 23 of our brief. And those are workplace actions. They are not something like an administrative order of the sort of issue in this case. Kennedy, does this have an effect on his claim to be reinstated? It does, Your Honor, but it's a collateral effect and nothing in the statute, and I'm aware of no case, saying that the CSRA's definition is met by such an action. And in any event, even if it were a personnel action, again, the CSRA requires first that the matter be exhausted before the Office of Special Counsel, and then that the claim be brought before the Merit Systems Protection Board, not before this Court on a petition for review. Do you want to address this problem with timing? Well, the timing was the issue I was getting to a little earlier, namely, that the regulations, 1520.7, provide that no order is necessary to designate something as SSI. Any order that falls within the regulations under 1520.7 are SSI unless the undersecretary provides to the contrary. And the only purpose of this order is simply to memorialize that fact that would have happened as early as 2003 so that this Court can review it as is properly the case under section 46110. Judge Siler, did you have another question? I'm sorry. No, I think you answered what I was trying to say. Unless there are any further questions, we've addressed our briefs. Thank you. Do you wish a couple of minutes for rebuttal, or do you have 356? Go ahead. Your Honor, if you have any specific questions for me, the one point about the exhaustion requirement and whether or not this can be whistleblower arguments and the anti-gag statute arguments can be heard here, I just want to reiterate, as we stated in our briefs, if this order is intended for an illegal purpose, you have the obligation or the Court has the obligation to strike it down. So I think the Court can analyze whether or not this is intended to retaliate or is a violation of a ---- I'll tell you, you're talking to at least one judge who has a great deal of difficulty interpreting a statute which says this is the way it ought to be done, as has been explained by your colleague, and then saying, but the purpose might not be correct and, therefore, it can't be done that way. I suppose you'd call me a textualist. If the text of the statute says it's got to be done this way, it's not a defense that the purpose in the bureaucrat's mind for why he's doing it that way is what you think is improper. The purpose doesn't overrule text. Now, tell me why I'm wrong. Well, I think if the purpose is not met ---- It doesn't have to be met. The statute says TSA determines whether this was SSI, period. After TSA determines that, court of appeals reviews it. If that's been done, the purpose behind the TSA making that determination to me is irrelevant. I think that's only when they're issuing an order, that TSA is the one. But as far as determining what is SSI and what is not SSI, the regulations and the guidance indicate that everyone along the chain is supposed to make that determination. Here, we had a special agent in charge of the Los Angeles office who fired my client for release of sensitive security information. He didn't issue an order. He wasn't authorized to issue the order, and the decision was his and his alone. And you're appealing that to my board. Right. And we asked that judge to hold the agency to a standard of proof. They said, no, Judge, MSPB doesn't have jurisdiction. We're now going to issue an order that governs something that happened three years ago. And that's what the statute reads. But the statute's intent, again, I'm going to the purpose. I understand that. But the statute's intent is to look forward, not to look back. And if it doesn't meet that purpose, I don't know how it can be upheld. OK. Thank you. Thank you very much for your argument. That ends our calendar for today, and the court stands adjourned. Thank you very much.
judges: Farris, Bea, Siler